UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Darian Martin,<br><br>        Plaintiff<br><br>v.<br><br>Aargon Agency, Inc., et al,<br><br>        Defendants | 2:15-cv-02362-JAD-PAL<br><br>**Order Directing Plaintiff to File a Proper Complaint and Denying Pending Motions**<br><br>**[ECF 1, 7]** |

Darian Martin commenced this action on December 9, 2015, by filing a "Motion for Summary Judgment."[1] In doing so, Martin has skipped critical steps in the process of this federal lawsuit.

Civil actions in federal court are governed by, and must be prosecuted in compliance with, the Federal Rules of Civil Procedure ("FRCP").  FRCP 2 states, "There is one form of action—the civil action." And FRCP 3 explains, "A civil action is commenced **by filing a complaint** with the court."[2] The Advisory Committee notes accompanying Rule 3 explain that "the first step in an action is the filing of the complaint." Rules 8 and 10 explain what a complaint must contain.

Without a complaint, Martin has pled no claim for relief.  And without a claim for relief, there is nothing for this court to adjudicate by summary judgment, so Martin's motion for summary judgment is premature.[3]

Even if I were liberally to construe Martin's motion for summary judgment as his complaint, it does not comply with FRCP 8. It lacks "a short and plain statement of the grounds

---

[1] ECF 1.

[2] Fed. R. Civ. P. 3 (emphasis added).

[3] Subsection (a) of FRCP 56, the summary-judgment rule, states that "A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Without a claim or defense, there is simply nothing for the plaintiff to move for summary judgment on.

for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief," both of which are required by Rule 8.  Local rule 8-1 states that "The first allegation of any complaint. . . shall state the statutory or other basis of claimed federal jurisdiction and the facts in support thereof."  That requirement is also not satisfied by Martin's motion.

Accordingly, and with good cause appearing,

IT IS HEREBY ORDERED that **Martin has until January 15, 2016, to file a proper complaint, which he must then serve in compliance with the rules of this court**.  **If Martin does not file a complaint by January 15, 2016, this case will be dismissed without further prior notice.**  Martin is cautioned that, despite the fact that he is representing himself, he must still comply with the rules and procedures of this court[4] and should therefore familiarize himself with the Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court for the District of Nevada.  Martin is further advised that each allegation of a complaint "must be simple, concise, and direct."[5]  "A party must state [his] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."[6]  And each claim based on a separate legal theory "must be stated in a separate count."[7]  Martin is also cautioned that declaratory and injunctive relief are merely remedies that may be awarded for independently viable legal claims; they are not, themselves, viable causes of action or claims for relief.

---

[4] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

[5] Fed. R. Civ. P. 8(d)(1).

[6] Fed. R. Civ. P. 10(b).

[7] *Id.*

IT IS FURTHER ORDERED that Martin's Motion for Summary Judgment **[ECF 1] is DENIED** as premature and without prejudice to Martin's ability to file a motion for summary judgment at an appropriate time in the future.

IT IS FURTHER ORDERED that Defendant Central Credit Services, Inc.'s Motion for an Extension of Time to respond to Martin's motion for summary judgment **[ECF 7] is DENIED** as moot.

Dated this 30th day of December, 2015

_____
Jennifer A. Dorsey
United States District Judge